UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BECKY A. PETTEY,

                                        Plaintiff,

                                                                DECISION AND ORDER

                                                                07-CV-6428L

                        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                        Defendant.
_____


        Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of

Social Security ("the Commissioner").  The action is one brought pursuant to 42 U.S.C. § 405(g)

to review the final determination of the Commissioner.

        On May 17, 2004, plaintiff filed an application for supplemental security income benefits

under Title II of the Social Security Act, alleging a disability onset date of July 1, 1999 due to

depression, posttraumatic stress disorder ("PTSD"), panic disorder, and emphysema/asthma.  Her

application was initially denied.   (T. 139, 168, 172).  Plaintiff requested a hearing, which was

held on September 12, 2006 via teleconference before Administrative Law Judge ("ALJ")

Edward J. Banas.  (T. 13-21).  Following the hearing, the ALJ issued a decision on October 16,

2006, that plaintiff was not disabled under the Social Security Act.  *Id*.  That decision became the

final decision of the Commissioner when the Appeals Council denied review on July 19, 2007

(T. 4-7).  Plaintiff now appeals.

I.      **Standard of Review**

To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ proceeds through a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the claimant's impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis notwithstanding limitations for the claimant's collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform

alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in

determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112.   Therefore, this Court is to first review the legal standards applied, and then, if the standards were correctly applied, consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987) ("[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles"). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

II.     **Issues on Appeal**

ALJ Banas's decision specifically articulated the findings supporting his decision. However, upon review, I find that the record upon which his decision was based is incomplete and inadequate, and the matter must be remanded for the purpose of gathering additional medical records and reports.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). *See also Burger v. Astrue*, 2008 U.S. App. LEXIS 13638 at *4 (2d Cir. 2008) (ALJ is obliged to develop the medical record fully in order to accurately assess a plaintiff's RFC, whether or not plaintiff is represented by counsel).

The record in this case contains significant gaps.  There are no treatment notes, RFC reports, or other relevant records from plaintiff's alleged treating general practitioner, Dr. Davis,

nor did any of plaintiff's treating physicians submit an RFC questionnaire or other evidence specific to plaintiff's alleged functional limitations.  Furthermore, there are no records of any kind from 2004-2006, the two-year period that elapsed between plaintiff's application and her hearing date.  As such, the record upon which the ALJ's determination was made is insufficient. *See Lamorey v. Barnhart*, 158 Fed. Appx. 361, 362 (2d Cir. 2006) (where ALJ fails to adequately develop the record by requesting treating physician's notes, remand for further proceedings is usually appropriate).

Based on the foregoing, I believe the ALJ failed to adequately develop the record, and the matter must be remanded for further proceedings.

CONCLUSION

The Commissioner's decision that plaintiff, Becky Pettey, was not disabled is reversed, and the matter is remanded for further proceedings.  Upon remand, the Commissioner is instructed to gather medical records and request RFC reports from all of plaintiff's treating physicians, as well as to request plaintiff's medical records from 2004 to the present, and to redetermine plaintiff's disability status upon as  full and complete a record as possible.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 15, 2008.

- 5 -